

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*Francisco J. Navarro*          970 Broad Street, 7th floor          973-645-2700
*Assistant United States Attorney*    Newark, New Jersey 07102

September 22, 2016

The Honorable Mark Falk
United States Magistrate Judge
Frank R. Lautenber U.S. Post Office & Courthouse
50 Walnut Street
Newark, New Jersey  07102

      Re:    <u>United States v. Ahmad Khan Rahami</u>
             Mag. No. 16-3594 (MF)

Dear Judge Falk:

      The Government writes in response to the letter of Richard Coughlin, Esq., dated September 21, 2016 (Exhibit A), in which the Federal Public Defender for the District of New Jersey ("Federal Defender") requests that Ahmad Khan Rahami, a/k/a "Ahmad Rahimi," be promptly presented so that he may be informed of the federal charges pending in this District and have access to counsel.  Because the Defendant is not currently in federal custody, the Federal Defender's request is premature and should be denied.

      The Defendant in this case is the subject of criminal charges in the District of New Jersey, the Southern District of New York, and the State of New Jersey.  The Defendant is currently in custody based on charges filed by the State of New Jersey only.  He has not been arrested on any federal charge and is not in federal custody.  He is subject to a bail package issued by the New Jersey state court.  Rule 5 of the Federal Rules of Criminal Procedure directs a person who "mak[es] an arrest" to bring the person before the Court "without unnecessary delay."  Here, Rule 5 has not been triggered because the Defendant has not been arrested by federal authorities.  Consequently, because there has been no federal arrest in this case, there is no obligation on the Government to bring the defendant to the Court.  *United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994) (holding that Rule 5 is triggered when the defendant is arrested on federal charges; the lodging of state charges and arrest by state authorities does not trigger Rule 5).  Likewise, until the

Defendant is arrested on the federal charges, it is premature to schedule an initial appearance. Additionally, the Government has been informed by the medical team treating the Defendant that he is currently incapacitated and intubated. As such, he is not in sufficient physical health for presentment to the Court – even at a bedside proceeding.

     A similar application filed by The Federal Defenders of New York regarding the charges pending against the Defendant in the Southern District of New York was rejected by that Court. (Exhibit B) The Honorable Gabriel W. Gorenstein, United States Magistrate Judge for the Southern District of New York, ruled yesterday that "[w]hile the Court may well have the power to 'schedule' an initial appearance following an arrest, doing so would not be appropriate in this case because there has been no 'arrest' as required by Fed. R. Crim. P. 5." Judge Gorenstein further noted that the Defendant's arrest on state charges does not trigger Rule 5's presentment obligations. ("Nothing in Rule 5 purports to govern arrests or proceedings instituted by state authorities pursuant to state law.")

     Implicit in the letter from the Federal Defender is a request that the Federal Defender be appointed as counsel for the Defendant under the Criminal Justice Act. This request is premature as well.[1] The Act provides for appointments of counsel at initial appearance. *See* 18 U.S.C. § 3006A(c) (appointments begin at the "initial appearance before the United States magistrate judge or the [district] court"); *id.* at 3006A(b) (providing that appointments shall be made only after a person "appears," and only after the Court advises the defendant that he "has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel.").[2] Judge Gorenstein rejected a similar request by the Federal Defenders of New York in the matter pending before him. ("[T]his Court lacks authority to appoint counsel for the defendant at this time.

---

[1] Moreover, the suggestion of a Sixth Amendment implication is wrong; long-standing, black-letter law holds that the Sixth Amendment is not triggered by the filing of a complaint. *See, e.g., United States* v. *Santiago*, 180 Fed. Appx. 337, 339 (3d Cir. 2006) (the Sixth Amendment right to counsel attaches upon indictment, not the filing of a complaint); *United States v. States*, 652 F.3d 734, 741 (7th Cir. 2011) (same).

[2] We additionally note that the defendant has not made the requisite showing of financial eligibility under the Act. *See* 18 U.S.C. § 3006A(a) (providing that the Act only applies to a "financially eligible person,"); *id.* at 3006A(b) (requiring the Court to make an "appropriate inquiry that the person is financially unable to obtain counsel").

Until any of the aforementioned triggering events occur, each of the Federal Defender's requests remain premature and therefore must, for now, be denied.

                                            Very truly yours,

                                            PAUL J. FISHMAN
                                            United States Attorney

By:    Francisco J. Navarro
        Dennis C. Carletta
        Margaret Ann Mahoney
        James M. Donnelly
        Assistant United States Attorneys