UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES

            Plaintiff,             :   16 Mag. 6009

-v.-                                      :   <u>ORDER</u>

AHMAD KHAN RAHAMI,

            Defendant.
-----------------------------------------------------------X

FILED SEP 21 2016   DOC #____

## GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       The Court is in receipt of a letter from the Federal Defenders of New York, Inc. dated September 20, 2016 (Docket # 4) asking that this Court schedule an initial appearance or presentment today for the individual named as the defendant in the complaint filed in the above-referenced case. Implicit in this letter, and made explicit in a reply letter dated today (Docket # 6), is a request that the Federal Defenders be appointed as counsel for this individual under the Criminal Justice Act. See 18 U.S.C. § 3006A. The Government has opposed this application. (Docket # 5).

       On the issue of scheduling an initial appearance under Fed. R. Crim. P. 5, this is not a matter normally scheduled by the Court. Instead, Rule 5(a)(1)(A) directs a person who "mak[es] an arrest" to bring the person before the Court "without unnecessary delay." Here, the Government explicitly denies that it has arrested the defendant. There is no evidence to the contrary. While the Court may well have the power to "schedule" an initial appearance following an arrest, doing so would not be appropriate in this case because there has been no "arrest" as required by Fed. R. Crim. P. 5.

       The Federal Defenders argue that "arrest" under Rule 5 also includes an arrest by state authorities on state charges. We do not believe the rule can be so construed. The Federal Rules of Criminal Procedure presumptively govern proceedings only in "United States" courts. See Fed. R. Crim. P. 1. A rule applies to a state court only where a rule "so states." Nothing in Rule 5 purports to govern arrests or proceedings instituted by state authorities pursuant to state law.

       On the issue of appointing counsel, the governing statute directs that appointment of counsel be made at an "initial appearance," 18 U.S.C. § 3006A(c) — a fact noted by the Government in its letter. (Docket # 5 at p. 1). The Federal Defenders respond that the Court's CJA plan directs that counsel should be provided to eligible persons after they are "taken into custody." The Federal Defenders assert that "[i]t is undisputed that federal law enforcement are involved in detaining and questioning" the defendant. (Docket # 6 at p. 1).

       In fact, this question is very much in dispute. The Government asserts unequivocally that

the defendant "is not in federal custody." (Docket # 5 at 1). Whether there are federal authorities questioning defendant does not address the issue of custody. At this point, the Court has no evidence whatsoever from anyone with personal knowledge that the defendant is being detained by any federal officer. Accordingly, this Court lacks authority to appoint counsel for the defendant at this time.[1]

SO ORDERED.

Dated: September 21, 2016
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] The Federal Defenders attached an unpublished Order to their reply letter from a case in the Central District of California, United States v. Ciancia, which they assert involved a "similar scenario." (Docket # 6 at 2). But it is clear that the defendant in that case, who was hospitalized, was in federal custody. Indeed, the filing by the Federal Public Defender stated that the defendant was "in custody," see Docket # 8 in 13 Mag. 2894 (C.D. Cal.), at ¶ 3, and that assertion was not disputed by the Government in its opposition, see Docket # 9 in 13 Mag. 2894 (C.D. Cal.). Moreover, the court's Order makes repeated references to procedures triggered by an "arrest" or a defendant being "taken into custody."