**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW JERSEY**

800-840 Cooper Street
Suite 350
Camden, New Jersey 08102

**RICHARD COUGHLIN**
FEDERAL PUBLIC DEFENDER

**CHESTER M. KELLER**
FIRST ASSISTANT

(856) 757-5341   Telephone
(856) 757-5273   Facsimile

September 22, 2016

Honorable Mark Falk
United States Magistrate Judge
Frank R. Lautenberg U.S. Post Office
  and U.S. Courthouse
Room 457
P.O. Box 999
Newark, New Jersey  07101-9971

      Re:    <u>United States v. Ahmad Khan Rahami</u>
            Magistrate No. 16-3594 (MF)

Dear Judge Falk:

    I received the government's response to my September 21, 2016, letter regarding the captioned matter. This brief letter is submitted to clarify my request and respond to the government's position.

    As the Court is aware, in addition to circumstances where appointment of counsel is required, the Court also has discretionary authority to appoint counsel in circumstances where the Sixth Amendment right to counsel has not been formally triggered. For example, the "Model Plan for Implementation and Administration of the Criminal Justice Act" provides in part:

> Whenever a district judge or magistrate judge determines that the interests of justice so require, representation **may** be provided for any financially eligible person who:
>
>     .  .  .  .  .
>
> e. has been advised by the United States attorney or a law enforcement officer that they are the target of a grand jury investigation

*Guide to Judiciary Policy*, Volume 7A, Appx. 2A,  § IV (2)(e) (emphasis in the original). Given the filing of the complaint naming Mr. Rahami in six counts, it is pretty clear that he is indeed the target of an investigation and that the interests of justice would support the Court's exercise of its discretionary authority to appoint counsel.

    The government also indicates that my letter is an "implicit request" that my Office be appointed as counsel for Mr. Rahami. To be clear, that is not my request, though if the court deemed such an appointment appropriate, we would accept the appointment. Rather, my request is simply that counsel be appointed under the Criminal Justice Act. In that regard, the absence of a financial affidavit is of no moment. If the Court later becomes aware that Mr. Rahami has the

---

ability to retain counsel, he can be ordered to reimburse the government for the services of counsel. 18 U.S.C. § 3006A(c) and (f).

      Having clarified, or perhaps refined my position, I have no reason to question or doubt the government's representations regarding Mr. Rahami's medical condition and needs. If the Court determines that appointment of counsel is consistent with the interests of justice, counsel would, of course, be required to defer to the medical exigencies and dictates of his treating physicians.

      Thank you for your consideration in this matter.

Respectfully,

*Richard Coughlin*

RICHARD COUGHLIN
Federal Public Defender

cc:    Francisco J. Navarro, AUSA
        Margaret Ann Mahoney, AUSA
        James M. Donnelly, AUSA
        Chester M. Keller, FAFPD, FPD